UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | Case No. 20-11770 |
| ROBERT SCOTT SPEIGLE | (Judge Beth A. Buchanan) |
| Debtors | |
| E. HANLIN BAVELY, Trustee in Bankruptcy | ADVERSARY NO. 20- |
| Plaintiff | **COMPLAINT:** |
| vs. | (1) TO SELL A MOTOR VEHICLE FREE AND CLEAR OF LIENS AND WITH LIENS TO ATTACH TO THE PROCEEDS; |
| CARVANA, LLC (a foreign for profit LLC authorized to do business in the State of Ohio) Licensing Department 4020 East Indian School Road Phoenix, AZ 85301 | (2) TO AVOID ANY CLAIMED LIEN FOR REASON OF THE FAILURE TO PROPERLY PERFECT SAME; AND |
| Service: Statutory Agent CSC-Lawyers Incorporating Service (Corporation Service Company) 50 West Broad Street, Suite 1800 Columbus, OH 43215 | (3) DECLARATORY JUDGMENT |
| AND | |
| ROBERT SCOTT SPEIGLE 10531 Winding Way Drive Harrison, OH 45030 | |
| Defendants | |

STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

1. By an Ohio title, the defendant, Robert Scott Speigle (the debtor herein) (hereinafter "the debtor), took title on or about May 10, 2020 to a 2018 Chevrolet Equinox, VIN 2GNAXJEV916319360 (hereinafter the "motor vehicle") having purchased the motor vehicle from

the defendant, Carvana, LLC (hereinafter "Carvana"). The motor vehicle had an Ohio Title, having title number 4303852907.

2. Carvana agreed, in addition to the contract to purchase; to finance the sale of the motor vehicle to the debtor and accordingly executed with the debtor, a retail installment contract or security agreement together with a note and otherwise took the position as a lender making a loan to the debtor and attempting to create a security interest in the motor vehicle.

3. The date on which the debtor agreed to purchase the vehicle and took possession of the motor vehicle, was May 10, 2020.

4. The Ohio Certificate of Title to the motor vehicle was issued on June 16, 2020 and at that time, Carvana sought to perfect a security interest in the motor vehicle by noting its lien, acknowledging its security interest on the Certificate of Title on that date or thereafter.

5. The transaction took place within the 90 days preceding the debtor's petition for relief herein on June 22, 2020.

6. The motor vehicle represents property of the estate and can be liquidated for unsecured creditors.

7. Trustee believes the motor vehicle has an approximate value of $18,925.00 as valued by Carvana and $11,624.00 to $13,215.00 as set forth by a recognized used car valuation guide at the time of filing.

## FIRST CAUSE OF ACTION

8. This cause of action is brought in conformity with 11 U.S.C. § 363(b) and (f) [Use, sale or lease of property]; 11 U.S.C. § 544 [Trustee as leading creditor and as successor to certain creditors and purchasers]; 11 U.S.C. § 551 [Automatic preservation of avoided transfer]; Bankruptcy Rule 7001(1) and (2) [Scope of Rules of Part VII]; and if necessary to be so alleged is a core

proceeding in conformity with 28 U.S.C. § 157(b), (e), (k) and (o); and is a proceeding to sell free and clear of liens and with any alleged liens to attach to the proceeds of the sale of the motor vehicle described herein Further that the defendant Caravana, has a lien claim herein that can be avoided because ti is an avoidable preference having not been perfected with in 30 days of the date of possession by he debtor.

WHEREORE, for the plaintiff's first cause of action, Plaintiff-Trustee prays the Court that an Order be entered herein allowing the Trustee to sell the subject motor vehicle free and clear of any alleged lien and with any alleged lien to attach to the proceeds and in any regard, free and clear of any liens claimed by the defendant, Carvana, , that such sale be accomplished by separate filing herein, by public auction sale for the best price obtainable and that the Trustee thereafter hold the net proceeds received until further Order of this Court and for such other relief to which he may be entitled.

## SECOND CAUSE OF ACTION

9. Plaintiff reiterates herein all the allegations of the First Cause of Action as if fully set forth herein and that may be appropriate herein.

10. This cause of action is brought in conformity with 11 U.S.C. § 547(b) [Preferences] in which case the Trustee herein may avoid any transfer of the interest of the debtor in property: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while debtor was insolvent; (4) and made on or within 90 days before the date of the filing of the petition . . .; and (5) that enable such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of the bankruptcy code; (B) the transfer had not been made; and ©) such creditor received payment of such debt to the extent provided by the provisions of the bankruptcy code.

11.	Carvana failed to obtain a valid security interest in the motor vehicle under Ohio law for reason that it failed to note its lien on the Certificate of Title to the vehicle within 30 days of the date contracted to buy the vehicle and on which date the debtor took possession of the vehicle and at which time Carvana completed performance by reason of the physical delivery of the motor vehicle and despite any reservation of the security interest and even though the title to the motor vehicle might have been delivered at a different time or place.

WHEREFORE, E. Hanlin Bavely, Plaintiff-Trustee, reiterates the relief sought in his first cause of action and in addition, seeks an Order of this Court avoiding any alleged mortgage lien claimed by the defendant, Carvana, for failure to properly perfect such lien under the laws of the State of Ohio and such additional relief to which the plaintiff may herein be entitled.

## THIRD CAUSE OF ACTION

12.	Plaintiff reiterates herein all the allegations previously made in the first and second causes of action as well as those facts common to all causes of action as set forth above.

13.	This cause of action is a proceeding for declaratory judgment brought in conformity with 28 U.S.C. §2201 [Creation of remedy]; and 28 U.S.C. § 2202 [Further relief]; and is a proceeding that this Court may herein determine under 28 U.S.C. § 157(b)(2)(k) and this Court has jurisdiction in this proceeding pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference in this District.

WHEREFORE, the Plaintiff, E. Hanlin Bavely, Trustee prays the Court that a declaratory judgment be entered herein finding that any lien claim of the defendant, Carvana,, should be avoided herein for failure to perfect such lien in conformity with the laws of the State of Ohio and that the motor vehicle is free, clear and unencumbered, that the Carvana, is therefor an unsecured creditor only, and such other relief to which the Plaintiff-Trustee may herein be entitled.

/s/     E. Hanlin Bavely
E. Hanlin Bavely, Esq. (0025868)
8280 Montgomery Road, Suite 110
Cincinnati, OH 45236
Attorney for Trustee

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Complaint** was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **certified or ordinary U.S. Mail** on September 16, 2020 addressed to:

Carvana, LLC by its statutory agent (sent certified mail)
CSC-Lawyers Incorporating Service
(Corporation Service Company)
50 West Broad Street, Suite 1800
Columbus, OH 43215

and

ROBERT SCOTT SPEIGLE (sent ordinary mail)
10531 Winding Way Drive
Harrison, OH 45030

and

Arthur M. Richard, Esquire
114 East 8th Street, Suite 400
Cincinnati, OH 45202

/s/       E. Hanlin Bavely
E. Hanlin Bavely, Esquire